**\*NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| JOSEPH CINQUE | : | Civil Action No. 10-3543 (FLW) |
| Petitioner, | : | |
| vs. | : | |
| | : | **OPINION** |
| THE STATE OF NEW JERSEY, | : | |
| Respondent. | : | |

**WOLFSON, United States District Judge:**

Presently before the Court is Petitioner Joseph Cinque's ("Petitioner") petition for writ of *habeas corpus* by a person in state custody pursuant to 28 U.S.C. § 2254.  Petitioner asserts that the State violated his Sixth Amendment right to a fair trial by convicting him of Driving While Intoxicated without sufficient evidence to prove guilt beyond a reasonable doubt . Respondent, The State of New Jersey ("Respondent"), moves to dismiss Petitioner's motion. For the following reasons, the Court finds that Petitioner did not assert a colorable claim under § 2254, and therefore dismisses his petition.

**I.       Background and Procedural History**

For the purpose of this Petition, the Court will only recount relevant facts.  On July 10, 2008, the Watchung Municipal Court found Petitioner guilty of Driving While Intoxicated in violation of N.J.S.A. 39:4-50 and Failure to Maintain Lane in violation of N.J.S.A. 39:4-88(b). He was sentenced to 90 days suspension of his driving privileges and was ordered to pay fines.

Petitioner also maintains that he was ordered to attend twelve hours of alcoholic counseling.[1] Petitioner appealed the decision to the Superior Court of New Jersey, which held a *de novo* trial, and Petitioner was again found guilty of both charges.  The same sentence was imposed.

Subsequently, Petitioner appealed to the Superior Court of New Jersey, Appellate Division, contending that the record lacked sufficient credible evidence of intoxication to prove beyond a reasonable doubt that he operated his vehicle while intoxicated.  State v. Cinque, 2009 WL 4724805, at *1 (N.J. Super. Ct. App. Div. Dec. 10, 2009).  In particular, Petitioner points to the inconsistent statements of one of the testifying police officers, Sergeant Gene McAllister, the effect of Petitioner's medical condition on the field sobriety tests, and errors in the administration of those tests.  Id.  Petitioner offered expert testimony regarding the effects of Petitioner's medical condition as well as pointing out errors in the administration of the sobriety tests.  The Appellate Division affirmed Petitioner's conviction.  The New Jersey Supreme Court denied Petitioner's request for certification.  After exhausting all state remedies, Petitioner filed this petition for writ of *habeas corpus*.

**II.     Discussion**

**A.  "In Custody"**

Respondent argues that Petitioner's *habeas* petition is defective because Petitioner does not satisfy the "in custody" requirement under 28 U.S.C. § 2254(a) for a writ of *habeas corpus*.  Specifically, Respondent asserts that a suspension of driving privileges and imposition of fines do not amount to being "in custody" of the State.  Conversely, Petitioner argues that the twelve

---

[1]     Petitioner did not indicate in his *habeas* petition that he was ordered to attend alcoholic counseling, but mentioned this for the first time in his brief in support of his petition. Respondent does not dispute this claim.

hours of alcoholic counseling imposed by the State satisfies the "in custody" requirement.

Title 28 U.S.C. § 2254(a) states that "a district court shall entertain an application for a writ of *habeas corpus* in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." This requirement "is designed to preserve the writ of *habeas corpus* as a remedy for severe restraints on individual liberty." Hensley v. Mun. Ct., 411 U.S. 345, 351 (1973). "In custody," however, does not require actual incarceration. Barry v. Bergen County Prob. Dept., 128 F.3d 152, 160 (3d Cir. 1997). In fact, in Barry, Third Circuit held that five hundred hours of community service constituted as a "severe restraint on individual liberty." Id. at 161. The Barry court explained that "an individual who is required to be in a certain place - or in one of several places - to attend meetings or to perform services, is clearly subject to restraints on his liberty not shared by the public generally." Id. The Barry court primarily relied on Dow v. Cir. Ct. Of the First Cir., 995 F.2d 922 (9th Cir. 1993), in its holding.

While five hundred hours of community service is a significantly greater restraint than twelve hours of alcohol counseling, the Court finds Dow, relied on by the Barry court, to be persuasive. In Dow, the *habeas* petitioner was sentenced to a $250 fine, a 90-day suspension of his driver's license, and 14 hours of attendance at an alcohol rehabilitation program. Id. at 922. The Dow court found that the 14 hours of mandatory counseling must be characterized, for jurisdictional purposes, as "custody" in *habeas* cases. Id. The facts of Dow are virtually indistinguishable from this case; Petitioner was subjected to a fine, a 90-day suspension of his driving privileges, and twelve hours of alcohol counseling. Since the Barry court cited approvingly to Dow for the proposition that the requirement of an individual's physical

presence at a particular place is a significant restrain on that individual's liberty, the Court finds that Petitioner has satisfied the "in custody" requirement of § 2254(a).

### B.  Grounds for *Habeas Corpus*

Petitioner raises substantially the same claim in support of his *habeas* motion as in his appeal to the Appellate Division during state court proceedings, namely that Respondent lacked sufficient credible evidence of intoxication to prove beyond a reasonable doubt that he operated his vehicle while intoxicated.  The Court finds Petitioner's claim without merit.

Section 2254(d) provides that an application for a writ of *habeas corpus* shall not be granted unless the adjudication of the claim 1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or 2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C.§ 2254(d).  "[A] determination of a factual issue made by a State court shall be presumed to be correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1); Saranchak v. Beard, 616 F.3d 292, 301 (3d Cir. 2010).  On a *habeas* petition alleging that evidence was insufficient to support conviction, the court determines whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of crime beyond a reasonable doubt.  Orban v. Vaughn, 123 F.3d 727, 731 (3d. Cir. 1997).

In the present case, Petitioner again makes the same arguments in support of his claim as in his state court appeal, that 1) the inconsistent statements of Sergeant Gene McAllister

4

rendered his testimony unreliable, and 2) as supported by the testimony of Petitioner's expert witnesses, the effects of Petitioner's medical condition on the field sobriety tests and errors in the administration of those tests made the sobriety test inaccurate.  Because Sergeant McAllister's testimony and the results of the sobriety test are unreliable, Petitioner argues that there is insufficient evidence to convict him.  In other words, Petitioner is challenging the credibility determinations of the trial court regarding the testimonies of Sergeant McAllister and Petitioner's experts.  However, lacking in Petitioner's position is any clear and convincing evidence that the trial court's determinations were wrong; indeed, to prove that a determination of credibility is incorrect, Petitioner would have to offer clear and convincing evidence that the trial court's determination was "completely devoid of a credible evidentiary basis or bears no rational relationship to the supporting data." Interfaith Cmty. Org. v. Honeywell Int'l Inc., 399 F.3d 248, 254 (3d Cir. 2005).

On the contrary, as the Superior Court points out, the most damning evidence was the police video tape of the encounter itself.   Specifically, the Superior Court stated:

> Best evidence of his driving under the influence is contained in the video tape, frankly.  Shows the defendant vehicle weaving back and forth several lanes, shows the defendant taking approximately a mile to pull over, despite the emergency lights, shows the defendant providing the driver's license's and the parking placards, admissions by the defendant that he had been drinking that night, the odor of alcohol, although he claims that this was at dinner time and the stop was after midnight, the odor of alcohol coming from the defendant.  Frankly, the video corroborates the testimony of the officers with regard to his ability to perform the field sobriety tests.

Cinque, 2009 WL 4724805 at *4.  The Superior Court simply relied on the video tape as an independent piece of evidence confirming Petitioner's guilt, irrespective of Sergeant McAllister's testimonies or the results of the sobriety test.  The state appellate court found this

reliance to be reasonable, and this Court agrees.  Distilled to its essence, Petitioner is merely

seeking a chance to re-litigate issues already decided in state court proceedings, in direct

contravention of the requirement of deference to factual and credibility findings made by the

Superior Court as mandated by § 2254(d).  The Court finds no basis to disturb the findings of

the state court, and therefore, Petitioner's motion for *habeas* relief is denied.

**III.     Conclusion**

For the foregoing reasons, Petitioner's Motion for *Habeas Corpus* under 28 U.S.C. §

2254 is DENIED.  An appropriate Order shall follow.


                                                          /s/ Freda L. Wolfson
                                                   The Honorable Freda L. Wolfson
                                                   United States District Judge

Date: November 15, 2010